IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| THOMAS JAMES KING, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00446 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| ALLEN BARR, ET AL., | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Thomas James King, Pro Se Plaintiff.*

Thomas James King, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. King alleges that jail policy denies certain privileges to inmates who refuse to cut their beards for religious reasons. After review of the record, I conclude that this action must be summarily dismissed for failure to state any constitutional claims.

I.

King is incarcerated at the Northwestern Adult Detention Center. He alleges that inmates at that facility can progress through three "phases," with each phase allowing further privileges. Inmates in Phase III may wear mustaches, but must shave their beards. King explained to jail officials that growing his beard is part of his Sunni Muslim religious beliefs. Officers have denied King the privileges

available in Phase III and have allegedly taunted him about his religious beliefs. One officer "locked [King] down" when he asked to see a higher ranking officer about beards being disallowed in Phase III. (Compl. 2, ECF No. 1.) As relief, King seeks monetary damages and "[t]he opportunity to go to Phase III." (*Id.*)

II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To state a claim, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Inmates "clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citation omitted). This principle applies to prison "policies that impose a substantial burden on a prisoner's right to practice his religion." *Wall v. Wade*, 741 F.3d 492, 498 (4th Cir.

2014) (citing *Lovelace v. Lee*, 472 F.3d 174, 198 & n. 8 (4th Cir. 2006)). A "substantial burden" is one that puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thomas v. Review Bd. of the Ind. Employ't Sec. Div.*, 450 U.S. 707, 718 (1981).

King fails to allege any facts on which he could prove that the jail's classification policies have substantially burdened his sincere religious beliefs. King is currently allowed to grow his beard in keeping with his beliefs. Moreover, he fails to demonstrate that jail officials denied his request for classification to Phase III privileges because of his beard. On the contrary, in response to King's request form, asking "can Muslim keep [his] beard and work in Phase 3," an official advised him: "You keep running around in circles in regards to what would apply to you or not; [it] would appear as though you are just searching for something derogatory that does not even apply to you." (V.S. 4, ECF No. 2.) Absent any evidence that King would otherwise qualify for assignment to Phase III privileges, but for his religious practice of not shaving his beard, I cannot find that jail classification policies burden King's religious grooming practices in any way. Accordingly, I will summarily dismiss this aspect of his complaint without prejudice under § 1915A(b)(1).

King's complaints of verbal abuse must also be summarily dismissed under § 1915A(b)(1). Allegations of verbal abuse and harassment by guards, without

more, do not state any constitutional claim. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (unpublished) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)).

A separate Order will be entered herewith.

DATED: October 19, 2015

/s/ James P. Jones
United States District Judge